```
Prepared and Proposed by:
Wendy T. Wendrowski (Bar No. 157422)
HOLLAND & HART LLP
101 S. Capitol Blvd., Suite 1400
P. O. Box 2527
Boise, Idaho 83702-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869

Of Counsel:
David W. Zimmerman
HOLLAND & HART LLP
60 E. South Temple, Suite 2000
Salt Lake City, UT 84111-1031
Telephone: (801) 595-7800
Facsimile: (801) 364-9124
```

Attorneys for Defendant Forsgren Associates, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO HEADQUARTERS)

| | |
|---|---|
| GIL CROSTHWAITHE, JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>FORSGREN ASSOCIATES, INC., an Idaho corporation qualified to do business in California; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA;<br><br>Defendants. | Case No. C04-4709 SC<br><br>**ORDER FOR DISMISSAL WITH PREJUDICE AND ENTRY OF JUDGMENT** |

Based upon the Stipulation by the parties and for good cause appearing,

IT IS HEREBY ORDERED THAT:

1.     The Complaint and all of the claims for relief asserted therein in the above-captioned matter are hereby dismissed with prejudice.

- 1 -

2. Pursuant to California Code of Civil Procedure § 664.6, the Court shall retain the power to set aside the dismissal of the claims against Forsgren and order the entry of judgment in favor of the Gil Crosthwaithe and John Bonilla as trustees (the "Trustees") of all of the plaintiff trust funds in this action (the "Trust Funds") and against Forsgren upon a showing that Forsgren has defaulted on the Settlement Payments, as that term is defined in the Settlement Agreement entered between the parties hereto.

3. In the event Forsgren defaults on the Settlement Payments, the Trustees, through their counsel, may file an application and declaration with the Court, with service on Forsgren, stating that Forsgren has defaulted on the Settlement Payments with a summary of the outstanding balance owed. The filing of the declaration shall be a sufficient showing of default by Forsgren on the Settlement Payments. Forsgren may demonstrate that it has made all Settlement Payments required under the Settlement Agreement or dispute the remaining amounts owed under the Settlement Agreement by filing a declaration to that effect within ten (10) days after the Trustees file their application and declaration with the Court. Upon the filing of the Trustees' application and declaration, and Forsgren's filing of a counter affidavit, if any, the Court may, if appropriate, (a) set aside the dismissal of claims against Forsgren, and (b) enter judgment in favor of the Trustees and against Forsgren, as provided below.

4. The Court may enter judgment against Forsgren based on its determination, if any, (1) that Forsgren has defaulted, and (2) the amounts owed pursuant to the parties Settlement Agreement, after review and analysis of the Trustees' application and the declarations submitted by both parties.

**BY THE COURT**

Dated: 1/19/06

_____
United States District Court Judge

Approved as to form:

_____
ALAN G. CROWLEY
WEINBERG, ROGER & ROSENFELD
Attorney for plaintiff Gil Crosthwaithe and
    John Bonilla et al. the Trustees
Dated: _____Jan 17_____, 2006.

_____
DAVID W. ZIMMERMAN
HOLLAND & HART
Attorneys for defendant Forsgren Associates,
    Inc.
Dated: _____January 13_____, 2006

- 3 -